UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ZACHARY V. PELOSI-DAHL,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No. 3:24-cv-217-HES-MCR

SHERIFFF SCOTTY RHODEN, et al.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a pretrial detainee at the Baker County Detention Center, is proceeding pro se. Plaintiff filed a document titled "§ 1983 42 U.S.C. Complaint" (Doc. 1) on February 28, 2024, in which he alleges that he has been unlawfully arrested and detained without probable cause and has been denied a right to speedy trial and adequate assistance of counsel. He requests to be immediately released from detention and all pending charges dismissed.

It is not clear what type of lawsuit Plaintiff intends to bring. To the extent that Plaintiff is asking for immediate release from custody because he has been denied a speedy trial, that relief cannot be obtained through a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475. 487, 489 (1973). Rather, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or

duration of [his] confinement and seeks immediate or speedier release[.]" Heck v. Humphrey, 512 U.S. 477, 481 (1994). Insofar as Plaintiff requests that this Court interfere with his ongoing state court criminal proceedings, the Court declines to do so. He should voice his concerns to the state court during his next pretrial status conference.

Conversely, to the extent that Plaintiff seeks monetary damages for his allegation that his arrest was unconstitutional or he seeks to challenge the conditions of his confinement, he may initiate a separate civil rights action. The Court has approved the use of forms for civil rights and habeas corpus cases, and Plaintiff will be provided with copies of these forms. *See* Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]").

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form, habeas corpus petition form, and an application to proceed in forma pauperis (prisoner filings) form. If Plaintiff chooses to refile his claims, he may complete and submit the appropriate forms. Plaintiff should not place this case number

on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In initiating such a case, Plaintiff should either file a fully completed application to proceed in forma pauperis (if he desires to proceed as a pauper) or pay the proper filing fee (if he does not desire to proceed as a pauper).

**DONE AND ORDERED** at Jacksonville, Florida, this 4 day of March, 2024.

_____
HARVEY E. SCHLESINGER
United States District Judge

caw 3/1
c:
Zachary V. Pelosi-Dahl, #23003-810

3